## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)** | **STEPHENS INC.** | ) |
| | | ) |
| | **Plaintiff,** | ) |
| | | ) |
| | **v.** | ) |
| | | ) |
| **(1)** | **STEEPLECHASE EXPLORATION,** | ) |
| | **LLC, k/n/a DERBY EXPLORATION,** | ) |
| | **LLC, a Delaware Limited Liability** | ) |
| | **Company;** | ) |
| | | ) |
| **(2)** | **CRYSTAL RIVER OPERATING** | ) |
| | **COMPANY, LLC, an Oklahoma** | ) |
| | **Limited Liability Company;** | ) |
| | | ) |
| | **and** | ) |
| | | ) |
| **(3)** | **STEVE LONG, an individual** | ) |
| | | ) |
| | **Defendants.** | ) |

Case No. CIV-19-103-G

## SECOND AMENDED COMPLAINT

Stephens Inc. ("Stephens"), for its amended complaint, states:

## PARTIES

1.     Stephens is an Arkansas corporation with its principal place of business in Little Rock, Arkansas.  Stephens provides financial services to businesses, state and local governments, institutions, and individuals.

2.     Derby Exploration, LLC is a Delaware company registered to do business in Oklahoma with its principal place of business in Oklahoma City, Oklahoma.  Derby Exploration, LLC was previously known as Steeplechase Exploration, LLC ("Steeplechase Exploration") although the latter company was never properly formed or created.  Upon

information and belief, the members of Derby Exploration, LLC are citizens of the state of Oklahoma and potentially Texas.

3.      Crystal River Operating Company, LLC is an Oklahoma company with its principal place of business in Oklahoma City, Oklahoma.  Upon information and belief, the members of Crystal River Operating Company, LLC are citizens of the state of Oklahoma and potentially Texas.

4.      Steve Long is an individual that resides in Oklahoma City and is a citizen of the State of Oklahoma.

5.      Hereinafter, Derby Exploration, LLC, f/k/a Steeplechase Exploration, Crystal River Operating Company, LLC, and Steve Long will be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction over this action because the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is between Stephens, an Arkansas citizen, on the one hand and, on the other hand, Derby Exploration, LLC, a citizen of Delaware, Oklahoma, and potentially Texas for purposes of diversity jurisdiction, Crystal River Operating Company, LLC, a citizen of Oklahoma and potentially Texas for purposes of diversity jurisdiction, and Steve Long, a citizen of Oklahoma.

7.      Venue is proper because Derby Exploration, LLC, Crystal River Operating Company, LLC, and Steve Long are all residents of Oklahoma City, Oklahoma and a

substantial part of the events giving rise to the claim occurred in the Western District of Oklahoma. *See* 28 U.S.C. § 1391(b).

8.     This Court has personal jurisdiction over Derby Exploration, LLC, Crystal River Operating Company, LLC, and Steve Long. *See* OK ST. T. 12 § 2004; Fed. R. Civ. P. 4(k).

## FACTUAL BACKGROUND

9.     On or about July 22, 2016, Stephens entered into an engagement letter agreement with Defendants in connection with a private offering (the "Offering") of unregistered equity securities or equity-related or equity-linked securities or debt securities to be issued by Steeplechase Exploration or an affiliate of Steeplechase Exploration. A true and correct copy of the engagement letter agreement is attached and incorporated as **Exhibit 1** (the "Contract").

10.     The Contract was physically signed on July 22, 2016, by Steve Long, representing himself as the Chief Executive Officer of Crystal River Operating Co., LLC, which was represented to be the General Partner of Steeplechase Exploration, LP.

11.     Upon information and belief, Steeplechase Exploration was never formed as a separate entity.

12.     Upon information and belief, Crystal River Operating Co., LLC, was formed on or about February 8, 2017, as Crystal River Operating Company, LLC, almost seven (7) months after Steve Long signed the Contract.

3

13.     In effect, Steve Long signed the Contract individually and as representative of the to-be-formed companies Derby Exploration, LLC, f/k/a Steeplechase Exploration, and Crystal River Operating Company, LLC.

14.     Pursuant to the Contract, Defendants agreed to pay Stephens a success fee in an amount equal to four percent (4%) of the funds raised or committed in the Offering from investors contacted by Stephens.

15.     Pursuant to the Contract, Defendants agreed to pay Stephens for out-of-pocket expenses incurred by Stephens in connection with the performance of services provided under the Contract.

16.     The original engagement period under the Contract was for the six (6) months following July 22, 2016.

17.     The original engagement included an 18-month tail provision covering any person or entity, or affiliate thereof, that was contacted by Stephens during the original engagement period.

18.     Further, after the original engagement period, Defendants continued to utilize the services and advice of Stephens, effectively extending the term of the engagement.

19.     Stephens proposed continuing the engagement after the original engagement period in the Contract had expired and Defendants agreed.

20.     Steve Long told Stephens on multiple occasions that Stephens would be protected for work performed with prospective investors after the original engagement period.

21.     Mr. Long repeatedly encouraged Stephens to continue to work on the Offering after the original engagement period and told Stephens that it would be taken care of for its work.

22.     After the original engagement period, Mr. Long assured Stephens that Defendants continued to recognize Stephens as the bankers for the Offering and that Stephens would be protected.

23.     Mr. Long confirmed on multiple occasions after the original engagement period that Stephens would be paid for its work if a deal was ultimately consummated.

24.     Based on Mr. Long's representations and assurances, Stephens continued to work diligently on the Offering following the expiration of the original engagement period.

25.     On or about February 8, 2017, Crystal River Operating Company, LLC was actually formed but that fact was not disclosed to Stephens.

26.     On or about May 3, 2017, Derby Exploration, LLC, was formed but that fact was not disclosed to Stephens.

27.     Stephens continued to work on the Offering with Defendants and prospective investors into the month of August 2017.

28.     Stephens identified Bluescape Energy Partners or an affiliate ("Bluescape") to Defendants as a prospective investor for the Offering as early as December 2016.

29.     Stephens initially contacted Bluescape about the Offering in January 2017, during the original engagement period.

30.     With the full knowledge of Defendants, in August of 2017, Bluescape agreed that Defendants would pay Stephens' fee for Bluescape's investment in the Offering.

5

31.     Stephens also identified and contacted Michael Allen as a potential investor in the Offering.

32.     Stephens worked with Defendants and Bluescape into August 2017 to consummate the Offering.

33.     During the Offering process, another potential investor ("PI3") contacted by Stephens demanded that Stephens agree to waive its fee on the funds to be invested by PI3 in the Offering.

34.     Stephens declined to waive its fee.

35.     When Stephens did not agree to waive its fee, Defendants threatened Stephens that Steeplechase would be dissolved and the offering process started anew through a separate entity to be newly formed by Defendants, ostensibly to avoid paying Stephens a fee.  Defendants did not, however, disclose that Steeplechase had never been formed or that Derby had already been formed for this purpose.

36.     Sometime between May 3, 2017, and November 21, 2017, the fictious Steeplechase Exploration formally became Derby Exploration, LLC, but Stephens was not notified of the name change.

37.     In or about August 2017, Stephens was told the Offering had been unsuccessful and that all parties were going their separate ways.

38.     In or about September 2017, however, Mr. Long contacted Stephens and attempted to negotiate to pay Stephens a reduced success fee of $500,000 for any successful Offering.

39.     Stephens rejected Mr. Long's offer and explained that $500,000 was not reasonable compensation based on the Contract, the work done, and contacts introduced by Stephens to Defendants.

40.     On November 21, 2017, the Offering was consummated under the formal name of Derby Exploration, LLC and securities totaling $130,000,000 were sold to Bluescape Energy Partners or an affiliate ("Bluescape") and/or Mike Allen ("Allen") or one or more of his affiliates.

41.     The November 21, 2017, closing is within the tail period covered by Defendants' Contract with Stephens.

42.     Stephens provided valuable services to Defendants and Defendants knew that Stephens was providing those services in the expectation that it would be paid for those services if an Offering was closed.

43.     The fictious Steeplechase Exploration changed its name to Derby Exploration and closed the Offering under the name Derby Exploration in an effort to disguise the fact that the Steeplechase Exploration Offering had been consummated.

44.     When Stephens discovered that Bluescape had closed on the Offering by investing in Defendants (operating as Derby Exploration), Stephens sent an invoice for its fees.  A true and correct copy of the invoice is attached and incorporated as **Exhibit 2.**

45.     Derby Exploration refused to pay the invoice.

46.     Under the contract, Stephens is owed $5,200,000 as a success fee for its work on the Offering that closed on or about November 21, 2017, and $6,645.60 in unpaid expenses.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

47.     Stephens incorporates paragraphs 1 through 46 of this Amended Complaint.

48.     Stephens and Defendants had entered the Contract whereby Defendants agreed to pay Stephens a success fee of 4% of any funds raised or committed in the Offering on or before July 21, 2018,

49.     On or before July 21, 2018, Defendants closed a $130,000,000 Offering with parties contacted by Stephens.

50.     Defendants owe Stephens a $5,200,000 success fee and $6,645.60 in unpaid expenses under the Contract.

51.     Stephens has made demand for the success fee and unpaid expenses, but Defendants have refused.

52.     Defendants have breached the Contract with Stephens.

53.     The breach of the Contract by Defendants has damaged Stephens.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

54.     Stephens incorporates paragraphs 1 through 53 of this Amended Complaint.

55.     Stephens provided valuable financial services to Defendants.

56.     Defendants accepted and benefited from Stephen's provision of financial services.

8

57.     Defendants knew that Stephens expected to be paid for its services.

58.     It would be unjust and inequitable to allow Defendants to retain the benefits of the services provided by Stephens without paying Stephens for its work.

## THIRD CAUSE OF ACTION
### FRAUD

59.     Stephens incorporates paragraphs 1 through 57 of this Amended Complaint.

60.     Defendants made numerous false representations of material fact to Stephens, including without limitation, that Defendants would pay Stephens' fees for its work with prospective investors introduced to the Offering by Stephens.

61.     At the time the false statements were made by Defendants, Defendants knew them to be false or made them recklessly without knowledge of the truth.

62.     Defendants made the false representations to Stephens intending for Stephens to rely on the statements and continue to work to help Defendants raise capital in the Offering for Defendants' benefit.

63.      Stephens reasonably and justifiably relied on the false representations of Defendants to Stephens' detriment by, without limitation, expending substantial time and resources pursuing Bluescape, Mike Allen, and other prospective investors for Defendants when Defendants had no intention of paying Stephens for those services.

64.     Stephens suffered injury based on the fraud of Defendants.

65.     Defendants' fraud warrants the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL

66.     Stephens incorporates paragraphs 1 through 65 of this Amended Complaint.

9

67.     On multiple occasions, Steve Long clearly and unambiguously told Stephens that Stephens would be protected for work performed with prospective investors after the original engagement period, Stephens would be taken care of for its work on the Offering after the original engagement period, and that after the original engagement period, Defendants continued to recognize Stephens as the bankers for the Offering and that Stephens would be protected.

68.     When Mr. Long made these promises, it was foreseeable to defendants that Stephens would rely on Mr. Long's assurances.  Indeed, Stephens continued to vigorously work closely with defendants on the Offering after the original engagement period.

69.     Stephens reasonably relied on Mr. Long's clear and unambiguous promises to Stephens' detriment by, without limitation, expending substantial time and resources pursuing Bluescape, Mike Allen, and other prospective investors for Defendants, believing Defendants' assurances that Defendant would pay Stephens for those services.

70.     If the Court finds that Stephens is not entitled to a $5,200,000 success fee and $6,645.60 in unpaid expenses under the Contract, the only way to avoid hardship or unfairness would be by enforcing Mr. Long's promises.

WHEREFORE, Stephens Inc. prays that the Court enter judgment in its favor and against Steeplechase Exploration, LLC k/n/a Derby Exploration, LLC, Crystal River Operating Company, LLC, and Steve Long for compensatory damages, punitive damages, attorneys' fees, costs, pre-judgment, and post-judgment interest, and all other relief to which it is entitled.

Respectfully submitted,

*/s/Christoph Keller*
Joseph R. Falasco (*pro hac vice*)
Christoph Keller (*pro hac vice*)
QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 (Telephone)
(501) 379-3834 (Facsimile)
jfalasco@qgtlaw.com
ckeller@qgtlaw.com

and

Amy Sherry Fischer-OBA# 16651
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
amyfischer@oklahomacounsel.com

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of November, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

L. Mark Walker, OBA #10508
Micah L. Adkison, OBA #33107
CROWE & DUNLEVY
324 North Robinson Avenue, Suite 100
Oklahoma City, OK 73102
Telephone: 405-235-7700
Facsimile: 405-239-6651
Mark.walker@crowedunlevy.com
Micah.adkison@crowedunlevy.com